O

JS - 6

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 478052

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHIM SAM ELIHU, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, a National Association; U.S. BANK, N.A., as TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, INC., MORTGAGE BACKED NOTES, SERIES 2005-11, a National association, FIDELITY NATIONAL TITLE INS. COMPANY, a California corporation,<br><br>        Defendants. | Case No. CV 12-03333 DDP (RZx)<br><br>**ORDER REMANDING CASE** |

Plaintiff filed the instant complaint in Los Angeles County Superior Court alleging eight causes of action related to her home mortgage and related foreclosure proceedings.[1] Defendants Wells Fargo Bank N.A. and U.S. Bank N.A. removed to this court on the basis of diversity jurisdiction. (Notice of Removal at 1).

///

---

[1] Plaintiff's First Amended Complaint alleges eleven causes of action.

This court has an independent duty to determine whether it has subject matter jurisdiction, regardless whether the parties have raised the issue. United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added); Fed. R. Civ. P. 12(c) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

District courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required, meaning each of the plaintiffs must be a citizen of a different state than each of the defendants. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

Here, the court finds that both Plaintiff and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") are citizens of California. Several courts in this Circuit have held that a national banking association is a citizen of the state where its principal place of business is located. See, e.g., Taheny v. Wells Fargo Bank, N.A., --- F. Supp. 2d ----, 2012 WL 1120140 (E.D. Cal. Apr. 3, 2012); Singer v. Wells Fargo Bank, N.A., No. SACV 12-801, 2012 WL 2847790 (C.D. Cal. July 11, 2012); Rouse v. Wachovia Mortg., FSB, No. EDCV 11-00928, 2012 WL 174206 (C.D. Cal. Jan. 13, 2012). These courts have therefore concluded that Wells Fargo is a citizen of California. See, e.g., Taheny, 2012 WL 1120140, at *1; Singer, 2012 WL 2847790, at *5; Rouse, 2012 WL 174206, at *14; Raifman v.

<u>Wachovia Securities, LLC</u>, No. C 11-02885 SBA, 2012 WL 1611030 at *1 (N.D. Cal. May 8, 2012).  This court agrees with these well-reasoned decisions.

    Because both Plaintiff and Defendant Wells Fargo are citizens of California, the parties are not completely diverse.  This court therefore lacks subject matter jurisdiction over this action.  Accordingly, this matter is REMANDED to California state court.  All pending motions are VACATED.

IT IS SO ORDERED.

Dated: December 26, 2012

                                        Dean D. Pregerson
                                        United States District Judge